917 So.2d 1037 (2006)
John Cameron BARBER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2225.
District Court of Appeal of Florida, Third District.
January 11, 2006.
*1038 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellee.
Before SHEPHERD, SUAREZ, and ROTHENBERG, JJ.

CONFESSION OF ERROR
ROTHENBERG, J.
The defendant, John Cameron Barber, was convicted of trespass as a lesser included offense of burglary (Count 1) and grand theft (Count 2). He was later sentenced to credit time served on Count 1 and ten years on Count 2. After this court granted the defendant's petition for belated appeal, the defendant's attorney requested transcripts of the proceedings. Thereafter, the court reporter submitted an affidavit stating that she was unable to produce a transcript of the trial. Upon the defendant's request, this court relinquished jurisdiction to give the State and the defendant's attorney an opportunity to reconstruct the record. The State acknowledged before the trial court that their attempt to reconstruct the record of the entire trial was futile.
The State and the defense have filed a Stipulated Motion for New Trial, requesting that this court vacate the defendant's convictions and sentence, and remand for a new trial. As the parties have properly conceded in their stipulated motion, the defendant is entitled to a new trial because their attempt to reconstruct the record of the trial was futile. See L.I.B. v. State, 811 So.2d 748, 748 (Fla. 2d DCA 2002)(holding that "[t]he granting of a new trial is a proper remedy when an adequate record cannot be prepared" through no fault of the defendant); Blasco v. State, 680 So.2d 1052, 1052-53 (Fla. 3d DCA 1996)(holding that defendant's convictions must be reversed and the cause remanded for a new trial when the "court reporter's stenographic notes of the State's rebuttal witnesses were lost, and the reconstructed record is insufficient to provide meaningful appellate review"). Accordingly, we reverse the judgment and sentence and remand for a new trial.
Reversed and remanded.